IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARGARET WIKE, on behalf herself and all others similarly situated, | CASE NO. 3:06-0204 |
| Plaintiff, | Echols / Brown |
| | CLASS ACTION |
| vs. | JURY TRIAL DEMANDED |
| VERTRUE, INC. f/k/a MEMBERWORKS, INC., | |
| Defendant. | |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d), counsel for Plaintiff and Defendant have conferred and drafted the following proposed case management order in preparation for the June 19, 2006 initial case management conference in this matter.

### I.

### JURISDICTION

The Court has jurisdiction over this action, which alleges violations of the federal Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., and the federal declaratory relief statute, 28 U.S.C. §§ 2201 et seq., pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m. The Court has supplemental jurisdiction over Plaintiffs' state law claims for violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104 et seq., and for conversion and unjust enrichment, pursuant to 28 U.S.C. § 1367.

The Court also has jurisdiction over the action under 28 U.S.C. § 1332. The aggregated claims of the individual members of the proposed Class exceed the sum or

1

value of $5,000,000, and more than two-thirds of the members of the proposed Class, on the one hand, and Defendant, on the other, are citizens of different states.

## II.

## PARTIES' THEORIES OF THE CASE

### A. Plaintiff's Theory Of The Case

Plaintiff Margaret Wike has brought this action on behalf of a nationwide class of consumers whose bank accounts have been debited improperly by Defendant Vertrue, Inc. (formerly known as "MemberWorks, Inc."). Plaintiff brings claims for relief pursuant to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., the federal declaratory relief statute, 28 U.S.C. §§ 2201 et seq., the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-104 et seq., and for unjust enrichment and conversion.

Vertrue purports to sell membership programs that provide discounts on various consumer goods and services. Vertrue obtains confidential consumer billing data through corporate partnerships with third-parties, such as financial institutions and retailers and then uses this information to impose unauthorized monthly or annual "membership" charges directly against consumers' credit cards, debit cards, and bank accounts.

Plaintiff alleges that there is no consumer demand for Vertrue's membership programs. Because Vertrue cannot succeed by using legitimate marketing and sales techniques, it exploits its access to consumer billing data to "cram" consumers with charges for memberships that consumers neither requested nor authorized. Most consumers do not know that they have been enrolled until they see recurring charges on

2

their credit card or bank statements. When consumers discover the unauthorized charges, Vertrue hinders their attempts to terminate their accounts and obtain refunds.

Vertrue has been sued by the Attorneys General of California, Florida, Iowa, Minnesota, Nebraska, New York, and Ohio in connection with allegations that it charges consumers for membership programs without consumers' authorization and engages in deceptive and misleading marketing practices. As part of its recently filed lawsuit, the Iowa Attorney General surveyed 400 Iowa residents who were enrolled in a Vertrue membership program. The Attorney General alleges that 67% of the survey respondents were not aware that they were Vertrue members, most of the rest indicated that they had not used their memberships, or thought that they had cancelled, and none of the respondents was satisfied. The Better Business Bureau reports that Vertrue has an "unsatisfactory record" "due to a pattern of complaints concerning unauthorized charges to consumers' credit cards." Vertrue's business practices have attracted unflattering coverage in the media, as recently as a May 7, 2006 Washington Post article entitled "Same Old Scam, Every Month" (www.washingtonpost.com).

Through their investigation of the case, Plaintiff's counsel has received hundreds of complaints from consumers across the nation who never authorized Vertrue to charge them, who do not know what services Vertrue purports to provide, and whose efforts to terminate the billing were obstructed by Vertrue. Examples of these complaints include the following:

> I was charged (on my bank card) $14.95 by Simply You. I do not even know what Simply You is or what services they provide. I did not order and certainly did not authorize this charge.
> Sharon,
> South Carolina

3

Case 3:06-cv-00204    Document 31    Filed 06/21/2006    Page 3 of 10

I was charged several times (three to be exact) by passport to Fun. I did not sign up for their service and am not sure where they got my information from. I have called twice to be removed from their billing, but have not been as of yet. I have been charged overdraft twice because of the charges. At 36 dollars a pop, I can't afford to play around with this. Please let me know what I can do to help and how I can go about being completely reimbursed. Thanks and good luck to you.
Michelle,
Alabama

My account just shows an AP9*ShoppingEssentials charge for 1 dollar and a few days later, I have one for 139.95. We are on a TIGHT budget and did not sign up for anything like this at all. We have no clue what this is. We are not short for our rent this month. What am I going to tell our landlord? That we have been scammed and hope they believe us? If there is something we can do to help this along, please let us know. Sincerely Mark and Kat.
Mark,
Connecticut

On 8/12/05 I received charges $12.95 from three different locations. The companies are BusinessMax, GalleriaUSA, and TodayEScapes. Come to find out, these three companies are all part of Memberworks INC. I did not authorize any withdrawals from my account and don't even know who they are and what kind of service they perform. I also found out that they are affiliated with AOL and that is partially how they got my information. I do not know how to get my money back or how to stop them because their contact info puts you in a circle of automated recordings that lead you know where. Please help get my money back. I'm not sure if these charges are monthly or one time, so it may still continue without me being able to stop it.
Zechariah,
New York

4

> I just noticed that we are being billed for
> Simpleescapes 14.95 for the last 2 months. How do I stop
> this? We are on a very budgeted income I am disabled and
> we are furious!! Please do anything ot stop this company,
> as I read where we rea not the only ones. I will contact my
> bank on Monday August22,2005. What these people are
> getting away with is sad.
>            LaVerne and John,
>            Florida

In Vertrue's description of its theory of the case below, Vertrue claims that Plaintiff Wike knowingly signed up for Vertrue's membership programs and consented to being billed. Vertrue further contends that it can substantiate Ms. Wike's authorization through a recording of a telephone call she placed to AOL. Although Plaintiff's complaint was filed three months ago on March 14, 2006, Vertrue has never provided the audio recording or a transcript of Ms. Wike's purported authorization to Plaintiff's counsel.

**B.    Defendant's Theory Of The Case**

Plaintiff states that she intends to file an amended complaint on or before June 16, 2006. This statement of defendant's theory relates only to the original complaint, which is the only complaint that has been served or filed as of this date.

Plaintiff is an individual who has purchased memberships in two (2) different discount programs offered by Vertrue's indirect subsidiary, Adaptive Marketing, Inc. In November 2004, Plaintiff purchased a membership in a program known as "Privacy Matters" through a banner advertisement on the AOL website. During a telephone call Plaintiff initiated to AOL on February 13, 2005, she purchased a membership in the program known as "Galleria USA" that is the subject of her complaint. On March 2, 2005, Plaintiff canceled her Privacy Matters membership.

5

Plaintiff claims that she never ordered the Galleria USA membership and never authorized the monthly charges to her Visa card. The allegation is false. Vertrue has an audiotape recording of the conversation on February 13, 2005 with a representative of AOL during which she ordered the Galleria USA membership, authorized the monthly charges to her Visa card, and confirmed her Visa card number and expiration date. During the call, Plaintiff also was provided with the toll free number to call if she chose to cancel the membership during the 30 day risk free trial offer. Plaintiff's decision to purchase the Galleria USA membership apparently was a considered decision as evidenced by the fact that, during the same AOL telephone call, she was offered membership in another program and declined the offer, stating "I'm not interested in that one." Finally, Plaintiff's contention that she never purchased the membership is belied by Vertrue's business records which show that Plaintiff called Galleria USA's toll free number on September 6, 2005 to request the form she needed to claim the gas card premium available as a benefit to Galleria USA members.

Vertrue's business records do not reflect any calls from Plaintiff to Galleria USA until October 6, 2005, when she called to cancel her membership. In accordance with company policy, she received a credit for the current monthly charge to her Visa card and prior monthly charge. In a pro-consumer response to Plaintiff's "unauthorized charge" allegation in her Complaint, Vertrue credited her Visa card for the monthly fees Plaintiff had incurred in connection with her Galleria USA membership that had not already been refunded, notwithstanding the incontrovertible evidence that Plaintiff had enrolled in the program and had expressly authorized the charges to her Visa card.

Plaintiff's claim under the Electronic Funds Transfer Act ("EFTA") is barred by the one year statute of limitations because the first charge to her Visa card was made on February 21, 2005, more than one year before the complaint was filed. Moreover, Plaintiff never disclosed the fact that her Visa card was a debit card, as opposed to a charge card, and therefore Vertrue was unaware that her purchase implicated the EFTA.

Plaintiff's claim under Tennessee's Consumer Protection Act ("TCPA") fails for the following reasons, among others. First, her claim is based primarily on the false allegation that she never ordered the Galleria USA membership. To the extent Plaintiff's claim is based on the alleged problems she experienced in canceling her membership, those allegations (which are also false) do not state a claim for violation of the TCPA. Second, the sales practice about which Plaintiff complains is not fraudulent or deceptive and conforms with the requirements set forth in consent judgments approved by the Attorney Generals of several states. Finally, in light of the full refund, Plaintiff has not suffered any monetary loss.

Plaintiff's unjust enrichment claim fails as a matter of law because there is a contract between the parties covering the same subject matter. Moreover, Plaintiff's unjust enrichment and conversion claims are moot because Vertrue has refunded all the moneys it received from the Plaintiff.

Plaintiff's claim for declaratory relief should be dismissed as redundant of its damages claims.

### III.

### SERVICE OF PROCESS

Defendant has been properly served with the complaint and summons.

7

IV.

## THE PLEADINGS

A.  Amended Complaint

Plaintiff will file an amended complaint on or before June 30, 2006.

B.  Responsive Pleading

Defendant shall have until August 4, 2006 to answer or otherwise respond. If defendant responds by way of motion, then plaintiff will oppose the motion by August 18, 2006 and defendant will file its reply if any, by August 31, 2006.

V.

## CLASS CERTIFICATION

Plaintiff will file her motion for class certification by June 30, 2006. Initial discovery should focus on the class certification issues and discovery concerning class certification shall close on August 18, 2006. The defendant shall file any opposition to class certification by September 11, 2006, and the plaintiff shall file any reply by September 25, 2006. Discovery is not stayed pending the decision on any motion, absent a further order of the Court.

The parties are reminded that no discovery dispute related motion be filed without first conducting a telephone conference with the Magistrate Judge about the matter.

VI.

## PROPOSED DISCOVERY PLAN

A.  Rule 26(a) Initial Disclosures

The parties shall make their Rule 26(a)(1) disclosures by July 28, 2006.

8

B.   Plaintiff's General Subjects of Discovery

Plaintiff's discovery requests will focus on the following general subjects: the number of consumers enrolled in Vertrue membership programs; the amount of revenue Vertrue generated from its membership programs; evidence regarding consumers' purported consent to periodic billing by Vertrue; Vertrue's marketing and promotional materials; usage and cancellation data for Vertrue's membership programs; Vertrue's access to and use of confidential consumer billing information; the type and nature of the benefits purportedly provided by Vertrue's membership programs; how Vertrue purports to ensure customer satisfaction; the number and nature of customer complaints; Vertrue's cancellation and refund practices and policies; and investigations and lawsuits conducted by third parties and state or federal government entities concerning Vertrue's business practices.

C.   Defendant's General Subjects of Discovery

Defendant's discovery requests will focus on plaintiff's acquisition of the membership at issue, her communications concerning the membership, her review of bank statements, and other acquisitions she made over the telephone or Internet.

D.   Discovery Schedule

In the event class certification is denied, all fact discovery shall be completed by December 15, 2006.

E.   Expert Witness Disclosures

The parties shall make their expert and expert testimony disclosures under Rule 26(a)(2) by January 19, 2007. Rebuttal disclosures shall be

made by February 16, 2007. All expert witness discovery shall be completed by March 30, 2007.

F.  Modifications to Discovery Rules

The parties do not propose any modifications to the discovery rules.

VII.

**DISPOSITIVE MOTIONS**

Any dispositive motions brought by either party shall be filed by April 20, 2007. Responses shall be due 21 days thereafter and replies, if any, limited to 5 pages, shall be due 14 days after any response.

VIII.

**SETTLEMENT**

Following a decision on class certification, the parties shall immediately contact the Magistrate Judge to schedule a telephone conference to discuss the possibility of alternate dispute resolution, and in the event class certification is granted, to discuss modifications to the scheduling order.

IX.

**TRIAL**

The parties have estimated that this jury trial could take up to 2 weeks to try and would be ready for trial, in the event class certification is not granted, by September 11, 2007.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge