UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARGARET WIKE, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff | ) ) | NO. 3:06-0204 |
| v. | ) ) | Judge Echols/Brown |
| VERTRUE, INC. f/k/a MEMBERWORKS, INC.; ADAPTIVE MARKETING LLC; INFLUENT INC. f/k/a INTERACTIVE TELESERVICES CORPORATION, | ) ) ) ) ) ) | **Jury Demand** |
| Defendants | ) | |

**O R D E R**

The Plaintiffs have filed a motion to file a second amended complaint in this case (Docket Entry 135). The matter has been briefed by the parties (Docket Entries 146 and 150). The motion to file the amended complaint, which was attached to Docket Entry 135, was originally filed under seal because it contained material that had been identified by the Defendants as confidential in discovery. The Plaintiffs contend that this was unnecessary, although they did receive permission to file their complaint under seal (Docket Entry 136). Vertrue has requested the seal be continued to maintain confidentiality (Docket Entry 138) and the Plaintiff has responded (Docket Entry 148). Having reviewed the material in the proposed amended complaint, the Magistrate Judge believes that the matter does not need to remain under seal and, accordingly, Docket Entry 135 and its attachments are **unsealed**. Accordingly, a motion to maintain confidentiality of that material (Docket Entry 138) is

**DENIED**. The Magistrate Judge believes that the Defendants have not shown good cause to maintain that material under seal and there is a strong presumption that judicial pleadings should not be maintained under seal as pointed out by the Plaintiffs. *Brown & Williams Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983).

Returning now to the motion itself, the motion to amend is **DENIED** insofar as it attempts to add RICO counts, specifically, paragraphs 55 through 84. Plaintiff shall file within ten (10) days an amended complaint without reference to these counts or paragraphs. The Magistrate Judge believes that this decision is controlled by the very recent Sixth Circuit case of *Brown v. Cassens Transport Company*, 492 F.3d 640 (6th Cir. 2007). In the *Brown* case, the Sixth Circuit held that "[P]laintiffs acknowledge the well-established presence of this Circuit requires that a civil RICO plaintiff alleging mail or wire fraud plead reliance, that is, that a defendant made fraudulent representations to the plaintiff on which the plaintiff relied." *Brown* at 643. Although this holding by the Sixth Circuit has been criticized and it has been urged that the Court reconsider this in an *en banc* decision by the concurring judge (*Brown* at 652) nevertheless, the square holding of the case is that a civil RICO plaintiff alleging wire or mail fraud must plead reliance. The Magistrate Judge has carefully considered the Defendants arguments on this point and must agree that the Plaintiffs have not sufficiently pled reliance to withstand a 12(b)(6) motion to dismiss. The Plaintiffs, in their reply (Docket Entry 150), do not address the *Brown* case at all.

At page 4 of their brief, in paragraph 2, the Plaintiffs set forth their contentions that their complaint meets the requirements of 18 U.S.C. § 1962(c). They contend that consumers rely on the alleged misrepresentations and omissions at paragraph 70. Paragraph 70 of the proposed complaint provides:

> The scheme involves fraudulent misrepresentations and omissions reasonably calculated to deceive persons of ordinary prudence and comprehension. Consumers rely on misrepresentations and omissions made by Defendant Influent's telemarketers. Reasonable consumers would not agree to be enrolled in Defendant Ventrue's memberships if they were aware of all the material, terms, conditions and limitations of the memberships and promised premiums. Reasonable consumers discard from fulfillment kits, which are designed to look like junk mail.

There is no allegation that Mrs. Wike relied on these alleged misrepresentations. Without allegations of reliance by the Plaintiffs, the Magistrate Judge believes that this complaint cannot withstand a challenge under the Sixth Circuit standard clearly established in *Brown*.

Additionally, the Defendants contend that the RICO charges fail because the complaint alleges that Defendants Vertrue and Adaptive participated in Defendant Influent's affairs through a pattern of racketeering, citing *Reeves v. Ernst & Young*, 507 U.S. 170 (1993). They point out that the proposed amended complaint alleges only one predicate act carried out by Defendant Influent and therefore the complaint is insufficient under *Reeves*. The Plaintiffs do not specifically respond to the *Reeves* argument except to contend that their complaint is sufficient under the general relaxed standards of pleading and that the futility argument should not be identical to that of an argument for

3

dismissal under Rule 12(b)(6) citing *Morton Int'l v. A.E. Staley Mfg. Co.*, 106 F.Supp. 737, 745 (D.N.J. 2007). The Magistrate Judge believes that, particularly in view of the Supreme Court's most recent decision in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007), that the Magistrate Judge must, in effect, determine whether this amended complaint could withstand a motion to dismiss under Rule 12(b)(6). As the Supreme Court pointed out in *Twombly*, the old standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1947), that a complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the Plaintiffs could prove no set of facts in support of his claim which would entitle him to relief, "is best forgotten as an incomplete, negative gloss on an accepted pleading standard" and has thus earned its retirement. *Bell Atlantic* at 1961. In the *Bell Atlantic* case, the Supreme Court further stated that the plaintiff must make factual allegations sufficient to raise a right to relief above the speculative level. *Bell Atlantic* at 1965.

Clearly, Rule 15 does contemplate that leave to amend should be freely given. However, as all parties recognize, a major exception is whether or not the amendment could withstand a Rule 12(b)(6) motion to dismiss. In this case, the Magistrate Judge concludes that it would not and, accordingly, Plaintiff's Motion to Amend (Docket Entry 135) should be **DENIED**.

The issue of whether a ruling by the Magistrate Judge on a motion to amend is dispositive or nondispositive is subject to different views. *See 12 Federal Practice & Procedures*, Civil 2d § 3068.2, fn 32, and the case is cited therein. To the extent that there is an objection to this order inasmuch as the Magistrate

4

Judge has considered whether the amendment would be futile, the District Judge may well want to consider this for review under a *de novo* standard and treat this order as if it were a report and recommendation.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge