UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET WIKE, on behalf of ) <br> herself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERTRUE, INC., ) <br> f/k/a MEMBERWORKS, INC., ) <br> ) <br> Defendant. ) | No. 3:06-0204 <br> JUDGE ECHOLS |

## ORDER

Plaintiff Margaret Wike filed a Motion For *De Novo* Determination By The District Judge On Plaintiff's Motion To Amend Complaint And Add Defendants (Docket Entry No. 158), to which Defendant Vertrue Incorporated ("Vertrue") filed a response in opposition. For the reasons stated below, the Court hereby AFFIRMS Magistrate Judge Joe B. Brown's October 3, 2007 Order (Docket Entry No. 154) denying Plaintiff's motion to file a Second Amended Complaint to add claims under the Racketeer Influenced and Corrupt Organization Act ("RICO").

Under Federal Rule of Civil Procedure 72 and Local Rule for Magistrate Proceedings 9(a), a party may appeal a Magistrate Judge's Order to a District Judge within ten (10) days after service of the Order. The decision of the Magistrate Judge "shall be reversed or modified only upon a showing that it is clearly erroneous or contrary to law." Rule 9(a), L.R.M.P.

Plaintiff moved to amend her complaint to add RICO counts at paragraphs 55 through 84 of a proposed Second Amended Complaint. (Docket Entry No. 160, Exs. 7-8.) Magistrate Judge Brown denied the motion, ruling that any such amendment would be futile because, even though

1

Plaintiff alleged wire and mail fraud, she did not plead specifically that she relied on misrepresentations made to her, as required by the recent Sixth Circuit case of Brown v. Cassens Transport Co., 492 F.3d 640 (6th Cir. 2007). The Magistrate Judge also determined that Plaintiff alleged only one predicate act of wire fraud on the part of Influent despite the RICO statute's requirement that two or more predicate acts be alleged, citing Reeves v. Ernst & Young, 507 U.S. 170 (1993).

Plaintiff first contends that the Magistrate Judge applied the incorrect standard to her motion to amend. She asserts that, because a motion to dismiss was not pending, the Magistrate Judge should have considered whether Plaintiff's new RICO claims appeared to be sufficiently well-grounded in fact or law so that the proposed amendment is not a frivolous pursuit, citing Morton Int'l v. A.E. Staley Mfg. Co., 106 F.Supp.2d 737, 745 (D.N.J. 2000). Plaintiff claims she was not required to show that her new claims could withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court concludes that it need not determine whether the Magistrate Judge applied the correct standard because even Morton Int'l recognized that "futility exists 'where the proposed amendment is 1) frivolous or 2) advances a claim that is legally insufficient on its face.'" 106 F.Supp.2d at 745. Here, as the Magistrate Judge pointed out, Plaintiff's proposed new RICO claims are legally insufficient on their face because Plaintiff failed to plead reliance as Brown requires. The proposed Second Amended Complaint contained no allegation that Plaintiff Wike relied on the alleged misrepresentations of Defendant, which are set forth in paragraph 70 on behalf of all similarly situated consumers. Moreover, Plaintiff could not correct this deficiency even if given an opportunity to re-plead. Plaintiff Wike testified at her deposition that she did not agree to accept any

2

offer that was made to her over the phone by the Defendant's telemarketer. (Docket Entry No. 164, Horowitz Decl., Ex. A.) Thus, Plaintiff cannot allege facts to prove that she relied on any misrepresentation made by the telemarketer.

Additionally, Plaintiff has not alleged at least two predicate acts by which Vertrue and Adaptive Marketing LLC participated in the affairs of Influent Inc., through a pattern of racketeering activity. <u>See</u> <u>Reeves</u>, 507 U.S. at 185. Plaintiff alleges only one act: the telemarketing presentation presented to her on February 13, 2005. Even if this predicate act had been alleged with sufficient specificity, the other predicate acts Plaintiff alleges--Adaptive's mailing of a fulfillment kit to her on February 16, 2005 and Plaintiff's call to Adaptive Marketing on September 6, 2005 seeking reimbursement for unauthorized monthly charges–were performed independently of Influent and not for Influent's benefit. As such, these occurrences do not qualify as additional predicate acts to support Plaintiff's RICO claims.

Accordingly, the Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law. Magistrate Judge Brown properly denied Plaintiff's motion for leave to file the RICO claims included in the proposed Second Amended Complaint. Plaintiff's appeal is overruled and the Magistrate Judge's Order (Docket Entry No. 154) is hereby AFFIRMED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE