# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARGARET WIKE, on behalf of herself and all others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | No. 3:06-0204 |
| v. ) | JUDGE ECHOLS |
| ) | |
| **VERTRUE, INC., f/k/a MEMBERWORKS, INC., et al.,** )<br>) | |
| **Defendants.** ) | |

## ORDER

Plaintiff Margaret Wike filed a Motion For Reconsideration of Plaintiff's Motion To Amend Complaint Or In The Alternative For Entry Of Judgment On The RICO Claims And Certification For Appeal Under Fed.R.Civ.P. 54(b) (Docket Entry No. 216). Defendants Vertrue, Inc. ("Vertrue") and Adaptive Marketing, LLC ("Adaptive Marketing") filed a response in opposition (Docket Entry No. 226) and Defendant Influent, Inc. ("Influent") filed a separate response in opposition (Docket Entry No. 229). Plaintiff then filed a reply. (Docket Entry No. 244.) On June 11, 2008, Plaintiff Wike filed a Notice of New Authority in support of her Motion for Reconsideration (Docket Entry No. 304), to which the Defendants filed a Response (Docket Entry No. 305). The Motion for Reconsideration is hereby DENIED in its entirety.

The Federal Rules of Civil Procedure do not authorize a generic "motion for reconsideration." Plaintiff Wike does not specify whether her motion is brought under Federal Rule of Civil Procedure 59(e) or Rule 60(b). The motion was timely filed within ten (10) days after the Court entered its Order (Docket Entry No. 211) affirming the Magistrate Judge's decision to deny Plaintiff's motion to amend her complaint to add RICO claims. The parties agree that the Court

should consider Plaintiff's motion under the Rule 59(e) standard, even though the Court's prior Order is not equivalent to a final judgment entered in the case.

Even assuming the motion is properly brought under Rule 59(e) as the parties contend, a court may alter or amend for one of three reasons: (1) because of an intervening change in controlling law; (2) because newly-discovered evidence has become available; or (3) because action is necessary to correct a clear error of law or prevent manifest injustice. Gencorp., Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not an opportunity to re-argue a case. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff contends that the Court was mistaken in two ways: the Court affirmed the Magistrate Judge's decision that Plaintiff did not properly plead reliance under Brown v. Cassens Transport Co., 492 F.3d 640 (6th Cir. 2007), and the Court affirmed the Magistrate Judge's decision that Plaintiff alleged only one predicate act of wire fraud on the part of Influent despite the RICO statute's requirement that two or more predicate acts be alleged, citing Reeves v. Ernst & Young, 507 U.S. 170 (1993).

Plaintiff has also come forward with an intervening change in controlling law. Recently the United States Supreme Court issued its decision in Bridge v. Phoenix Bond & Indemnity Co., — U.S. —, 2008 U.S. Lexis 4703 (U.S. June 9, 2008). As Plaintiff argues, Bridge relates directly to the Court's reasons for denying Plaintiff leave to amend to add RICO claims to her complaint. Regarding reliance, Bridge held that a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations. Id. at **38-39. The Supreme Court additionally indicated that its holding applied also to claims predicated on wire fraud. Id. at

* 18.  Thus, Plaintiff alleges it is now not relevant whether she pleaded reliance on the misrepresentations or omissions that she alleged were made to her by Defendants.

Plaintiff also contends that in Bridge the plaintiffs alleged that defendants "mailed or caused to be mailed hundreds of mailings in furtherance of the scheme." Id. at *11.  The Supreme Court held: "Each of these mailings was an 'act which is indictable' as mail fraud, and together they constituted a 'pattern of racketeering activity.'" Id. at *16.  Thus, Plaintiff asserts, Bridge supports her argument that it is the pattern of racketeering–as opposed to the RICO defendants' participation in the conduct of the enterprise's affairs–that is shown by two or more predicate acts.  In light of Bridge Plaintiff asks the Court to reconsider its prior Order and grant her leave to amend her complaint to add RICO claims or, alternatively, to certify the issue for appeal under Federal Rule of Civil Procedure 54(b).

The Court concludes that Bridge does not require the Court to reverse its prior Order affirming the Magistrate Judge's decision that Plaintiff has not pleaded, and cannot plead, a viable RICO claim.  As Defendants point out, Plaintiff has not, and cannot, meet the threshold requirement for a private cause of action under RICO–"an injury to [her] business or property *by reason of*" the alleged fraud.  18 U.S.C. § 1964(c) (emphasis added).  As the Court explained in its earlier Order, Plaintiff did not testify at her deposition that she was injured by reason of the alleged misrepresentation of the telemarketer.  Rather, unlike other consumers, Plaintiff testified she declined the offer to try the Galleria membership.  Therefore, she has not alleged, and cannot allege, that she was "injured in [her] business or property by reason of" alleged wire or mail fraud which she claims she successfully resisted.

Additionally, the Court continues to hold that Plaintiff has not alleged the "pattern of racketeering activity" that is required by RICO.  Plaintiff alleged only one telephone call–the

3

February 13, 2005 telemarketing presentation–that supposedly was made through the RICO enterprise. The other instances of alleged wire and mail fraud–the call to Vertrue during which Plaintiff alleges she tried to cancel her membership and Vertrue's mailing a membership fulfillment kit to her–were not conducted through Influent, the alleged RICO enterprise. For these reasons, although the Court recognizes that Bridge reversed Sixth Circuit precedent, the outcome in Plaintiff's case does not change.

Other than citing the new case of Bridge, Plaintiff does not point to any newly-discovered evidence, and she has not shown action is necessary to correct a manifest injustice. Plaintiff simply believes the Court's prior decision was wrong, and she re-argues the issues in the hope the Court will change its mind.

The Court has again reviewed the proposed RICO claims, the Magistrate Judge's prior Order, this Court's prior Order, and the arguments of Plaintiff that the Court erred in its construction of the law. The Court will not repeat the entire analysis here for a second time. The Court concludes that for the reasons previously stated that she cannot plead a RICO claim and permitting her to do so would be futile.

Finally, the Court concludes that the decision to deny leave to amend the complaint is not appropriate for certification for immediate appeal under Federal Rule of Civil Procedure 54(b). To satisfy this rule, the Court must direct entry of final judgment as to one or more but fewer than all of the claims or parties in the case and the Court must expressly determine that there is no just reason to delay appellate review. General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). Here, the Court has not, and will not, enter final judgment as to Plaintiff's proposed RICO claims. The RICO claims have never been added to the complaint, let alone litigated to conclusion such that a final judgment could be entered on those claims.

Even if the denial of leave to amend the complaint to add the RICO claims is similar to a final judgment in that it disposes of Plaintiff's RICO claim with finality, there is just reason to delay appellate review. The denial of a motion for leave to amend a complaint is the kind of issue that is routinely raised on direct appeal after entry of final judgment, even in complex litigation. See e.g. Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 805 (6th Cir. 2005). A court's decision to deny leave to amend is reviewed for abuse of discretion following entry of judgment. Id. If and when this case proceeds to final judgment, Plaintiff may at that time take an appeal to the Sixth Circuit if warranted and the Plaintiff may then raise as an issue this Court's refusal to allow her to amend the complaint to add RICO claims. The Court declines to certify that immediate review of the denial of leave to amend is necessary or warranted. See General Acquisition, 23 F.3d at 1026 ("A district court certifying an order under Rule 54(b) must clearly explain why it has concluded that immediate review of the challenged ruling is desirable.")

Accordingly, Plaintiff's Motion For Reconsideration of Plaintiff's Motion To Amend Complaint Or In The Alternative For Entry Of Judgment On The RICO Claims And Certification For Appeal Under Fed.R.Civ.P. 54(b) (Docket Entry No. 216) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE