UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 01, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VERTRUE INC. MARKETING AND
SALES PRACTICES LITIGATION
    Margaret Wike v. Vertrue Inc., et al.,          )
        M.D. Tennessee, C.A. No. 3:06-204          )         MDL No. 2044

### ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Vertrue Inc. and Adaptive Marketing LLC (collectively Vertrue) move the Panel to vacate the respective portion of our order conditionally transferring this action (*Wike*) to the Northern District of Ohio for inclusion in MDL No. 2044. Responding plaintiff opposes the motion to vacate.

After considering all argument of counsel, we find that transfer of *Wike* to the Northern District of Ohio would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time. The *Wike* action and the already-centralized actions in the MDL are similar in that they all involve factual issues concerning the manner in which Vertrue marketed and sold its various membership programs. The largely identical complaints in the actions already in the MDL, however, focus primarily, if perhaps not exclusively, on pre-2003 conduct. The *Wike* plaintiff, on the other hand, seeks to represent a class consisting of all persons who were enrolled in one or more Vertrue membership programs from the period March 14, 2003, to the present. Moreover, the *Wike* action was commenced in March 2006, and is far more advanced than the actions already in MDL No. 2044. Given these circumstances, we conclude that *Wike* is best left in the district where plaintiff commenced the action. Alternatives to transfer exist that may minimize whatever possibilities could arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

    [*]    Judge Heyburn took no part in the disposition of this matter.

IT IS THEREFORE ORDERED that our conditional transfer order designated as "CTO-1" is vacated insofar as it relates to this action.

        PANEL ON MULTIDISTRICT LITIGATION


        _____
          Robert L. Miller, Jr.
          Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |